```
RECEIPT #  66964
AMOUNT $ 250 +50  PHW
SUMMONS ISSUED  Y-13
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE  8-24-05
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEXTEL COMMUNICATIONS OF THE MID-
ATLANTIC, INC. d/b/a NEXTEL
COMMUNICATIONS

         Plaintiff,

vs.   :   Civil Action No. _____

THE CITY OF LYNN, MASSACHUSETTS, THE
CITY COUNCIL OF THE CITY OF LYNN,
MASSACHUSETTS, and WAYNE A. LOZZI,
CHARLES T. O'BRIEN, RICHARD C.
COLUCCI, JAMES M. COWDELL, DAVID D.
ELLIS, RICHARD J. FORD, LORETTA CUFFE-
O'DONNELL, ALBERT V. DiVIRGILIO, II,
JUDITH FLANAGAN KENNEDY, JOHN
TIMOTHY PHELAN and MARY F. AUDLEY, in
their capacities as Members of the City Council of
the City of Lynn, Massachusetts

         Defendants.

**05 - 11748 NG**

MAGISTRATE JUDGE Collings

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, P.A., and complains against the defendants as follows:

1.     Nextel brings this action because of the unreasonable refusal of the City of Lynn, Massachusetts ("Lynn" or the "City") and its City Council to allow Nextel to install wireless telecommunications antenna facilities on the roof of a commercial building located at and known as 595 Lynnway, Lynn, Massachusetts.

2. The City's refusal to allow Nextel to locate its antenna facilities on this building violates Section 704 of the Telecommunications Act of 1996, 42 U.S.C. §337(c)(7)(B) (the "TCA"), in that the refusal does not comply with the TCA's requirements for a written decision supported by substantial evidence contained in a written record; effectively prohibits Nextel from providing personal wireless services in a significant portion of Lynn; and, unreasonably discriminates against providers of functionally-equivalent wireless services. Nextel seeks an injunction directing the City to authorize construction of the proposed facilities to proceed without further delay.

## PARTIES

3. Nextel is a corporation organized and existing under the laws of the State of Delaware and has a regional office at 40 Hartwell Avenue, Lexington, Massachusetts. Nextel is licensed by the Federal Communications Commission of the United States of America to provide wireless telecommunications services in various areas, including Massachusetts.

4. Nextel has been authorized by the owner of the building located at 595 Lynnway in Lynn, Massachusetts, to install antennas on the roof of the building, and to install an equipment shelter on the fourth floor of the building. Nextel is aggrieved by the refusal of the City to allow such construction to proceed.

5. The City is a municipal corporation having its principal place of business at City Hall, 3 City Hall Square, Lynn, Massachusetts, 01901.

6. The City Council is the special permit granting authority with respect to wireless facilities in Lynn, and is the municipal agency responsible for the decision which led to this lawsuit.

7.  The individual defendants are sued in their capacities as members of the City Council.

## JURISDICTION AND VENUE

8.  This civil action arises under those sections of the TCA which provide that any decision denying permission to construct wireless antenna facilities must be set forth in a written decision and "supported by substantial evidence contained in a written record," 47 U.S.C. §332(c)(7)(B)(iii); that local regulation shall not "unreasonably discriminate among providers of functionally equivalent services," 47 U.S.C. 332(c)(7)(B)(i)(I); that local regulation "shall not prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C. §332(c)(7)(B)(i)(II); and, that "[a]ny person adversely affected by any final action or failure to act by a state or local government or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis." 47 U.S.C. §332(c)(7)(B)(v).

9.  Jurisdiction is based on 28 U.S.C. § 1331 which grants this Court original jurisdiction over all civil actions arising under the laws or Constitution of the United States.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), in that the defendants reside in this district and pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred here.

## ALLEGATIONS COMMON TO ALL COUNTS

11. The TCA was enacted in July 1996 in order to promote the rapid deployment in the United States of advanced telecommunications systems, including personal wireless services ("PWS"). To that end, the statute provides that local government regulation may not prohibit or

3

have the effect of prohibiting the provision of PWS and imposes other substantive and procedural limits upon the ability of local governments to regulate PWS facilities.

12. Nextel is a provider of enhanced specialized mobile radio services, a type of personal commercial mobile radio services ("CMRS") which are within the definition of PWS set forth at 47 U.S.C. §332(c)(7)(C)(i). Nextel is licensed by the FCC to provide CMRS in certain markets, and it has certain obligations under that license actually to provide such services.

13. Nextel's PWS network is entirely digital and employs time division multiple access ("TDMA") technology. The network requires deployment of antennas throughout the area to be covered, which are connected to receivers and transmitters that operate in a limited geographic area known as a "cell." Nextel's portable telephones operate by transmitting and receiving low power radio frequency signals to and from these cell sites. The signals are transferred to and from ground telephone lines and routed to their destinations by sophisticated electronic equipment. The size of the area served by each cell site is dependent on several factors, including the number of antennas used, the height at which the antennas are deployed, the topography of the land, vegetative cover and natural or man-made obstructions in the area. As customers move throughout the service area, the transmission from the portable unit is automatically transferred to the closest Nextel facility without interruption in service, provided that there is overlapping coverage from the cells.

14. In order for Nextel's PWS network to function properly, there must be some overlapping coverage between adjoining cells to allow for the transfer or "hand-off" of calls from one cell to another and to avoid disconnection or "dropped" calls. Nextel's antennas must be strategically located within the targeted area in order to provide sufficient radio frequency coverage, connectivity with surrounding sites, adequate service and adequate capacity. Nextel's

antennas also must be located high enough above ground level to allow transmission (or "propagation") of the radio frequency signals above trees, buildings and natural or man-made other structures that may obstruct the signals. Areas without adequate radio frequency coverage have substandard or no wireless service.

15. In or about 2004, Nextel determined that it needed to install additional antenna facilities in the southern portion of Lynn, an area which includes Lynn Harbor; a large General Electric industrial complex; and, several busy highways including the Lynnway, Route 1A and Route 107. This part of Lynn is densely populated and heavily traveled. Many actual and potential Nextel customers live, work or travel through this area, and Nextel's existing coverage is not adequate to serve them.

16. Under the Lynn Zoning Ordinance (the "Ordinance"), the construction of new telecommunications antenna towers is discouraged. In lieu of new towers, antenna facilities are permitted in all zoning districts on any building which is at least forty (40) feet tall, provided that the antenna facilities do not add more than twenty (20) feet of additional height and are either set back from the roofline or screened.

17. With both its engineering requirements and the criteria of the Ordinance in mind, Nextel explored possible locations. Nextel ultimately determined, for a variety of reasons, that the building located at 595 Lynnway would be ideal. The building, which is used as a self-storage/warehouse facility, is in a commercial area which is zoned for "Heavy Industrial" uses. It is 57 feet and 9 inches tall, thus exceeding the forty (40) foot minimum imposed by the Ordinance by nearly eighteen (18) feet. Antennas placed on the top of the building would only add nine (9) feet to the height of existing structure and could be set back as required by the Ordinance, thus meeting not only meet Nextel's engineering requirements, but also the specific

requirements of the Ordinance. The electronic equipment associated with the antennas could, moreover, be located entirely inside the building.

18. Nextel obtained permission from the owner of the building to install antennas on the roof, and to install the associated equipment inside. Then, on or about May 6, 2005, Nextel submitted an application for a special permit, with supporting materials, to the Lynn City Council.

19. The City Council held a single hearing with respect to Nextel's application for a special permit on July 12, 2005.

20. During the hearing, Nextel presented testimony and further evidence which explained the need for this facility, and also submitted photosimulations which demonstrated that its facility would have minimal visual impact. Not even one person appeared in opposition to the proposal.

21. In short, both in its application and during the hearing process, Nextel presented substantial evidence to show that its proposed facility met all requirements under federal, state and local law for the requested special permit.

22. Despite the minimally intrusive nature of the proposed Nextel facility and the absence of any feasible alternatives, and despite the absence of any opposition from even a single City resident, the City Council failed to grant Nextel's application for a special permit. Although at least six, and possibly seven, members of the City Council voted in favor of the application, there were three "no" votes and this was sufficient to result in a denial. The decision denying Nextel's application was reduced to writing and filed with the City Clerk on July 25, 2005 (the "Decision," a copy of which is annexed hereto as Exhibit A).

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)

23.  Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 22 of this Complaint as though fully alleged herein.

24.  The City's denial of authorization to Nextel to install antennas on the building was not "in writing and supported by substantial evidence contained in a written record" as required by the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii).

25.  Nextel is accordingly entitled to an injunction directing the City to grant the special permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

26.  Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 25 of this Complaint as though fully alleged herein.

27.  The City has, upon information and belief, approved applications by other "providers of functionally equivalent services" under circumstances which are similar to the circumstances herein.

28.  By thus allowing Nextel's competitors to install antennas on buildings which are similarly situated to the building herein, the City has unreasonably discriminated against Nextel.

29.  Nextel accordingly is entitled to an injunction directing the City to grant the special permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

30. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 29 of this Complaint as though fully alleged herein.

31. Nextel has a significant gap in its network coverage and capacity which it proposed to close by the least intrusive means, and which it now will be unable to close.

32. Nextel accordingly is entitled to an injunction directing the City to issue the special permit and all other permits and approvals necessary for its antenna facility construction to proceed.

**WHEREFORE**, Nextel respectfully requests that this Honorable Court issue the following relief on an expedited basis as required by 47 U.S.C. §332(c)(7)(B)(iv):

A. Declare that the denial by the City Council was not "set forth in writing and supported by substantial evidence contained in a written record" and, therefore, violates the TCA and is invalid and annulled;

B. Declare that the decision of the City Council unreasonably discriminates among providers of functionally equivalent services and, therefore, violates the TCA and is invalid and annulled;

C. Declare that the Decision has the effect of prohibiting Nextel from providing personal wireless services and therefore violates the TCA and, therefore, is invalid and annulled;

D. Issue an injunction ordering the City and its instrumentalities immediately to issue the special permit and all other approvals and permits necessary to allow construction of the proposed facilities to begin without further delay; and,

E. Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC INC. d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: 08/24/05    By: /s/ Steven E. Grill
Steven E. Grill, Esquire
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: (603) 669-1000
e-mail: sgrill@devinemillimet.com

J:\WDOX\DOCS\CLIENTS\10339\74731\M0756845.DOC

# EXHIBIT A

EXHIBIT A

CITY OF LYNN, MASSACHUSETTS

# LYNN CITY COUNCIL
## 2004-2005

| | |
|---|---|
| Ward One — Wayne A. Lozzi | At-Large — Loretta Cuffe-O'Donnell |
| Ward Two — William R. Trahant, Jr. | At-Large — Albert V. DiVirgilio, II |
| Ward Three — Charles T. O'Brien | At-Large — Judith Flanagan Kennedy |
| Ward Four — Richard C. Colucci | At-Large — John Timothy Phelan |
| Ward Five — James M. Cowdell | City Clerk — Mary F. Audley |
| Ward Six — David D. Ellis | |
| Ward Seven — Richard J. Ford | |



James M. Cowdell   President
John Timothy Phelan   Vice President

DECISION OF THE CITY COUNCIL OF THE CITY OF LYNN ON THE PETITION OF NEXTEL COMMUNICATIONS RICARDO M. SOUSA, ATTY., REQUIRING SPECIAL PERMIT PURSUANT TO THE CITY OF THE LYNN ZONING ORDINANCE

The Petitioner filed with the City Council on June 24, 2005 for permission to install twelve (12) panel antennas on the rooftop of the building together with its equipment to be located on the 4th floor of the building.

The parcel of land to which this permission relates is known as 595 Lynnway collectively herein the "Property".

The property is located in a Heavy Industrial District. A Special Permit from the City Council is required pursuant to the Zoning Ordinance.

At the time and place stated in the notice of the public hearing and after due notice was given to all persons entitled thereto, the public hearing was opened on July 12, 2005

The Council heard all those persons wishing to speak both for and against the petition.

On July 12, 2005, the City Council having received all pertinent data at and pursuant to the public hearing FAILED TO GRANT the permission by a vote of SEVEN in Favor and THREE (Councilors Cuffe-O'Donnell, Lozzi & O'Brien voted No) (Councilor Trahant absent) opposed in accordance with MGL Chapter 40A.

The reasons for the FAILURE TO GRANT of said petition are as follows:

(a) The proposed use will be unsafe, unattractive and inappropriate for the area.

CITY OF LYNN, MASSACHUSETTS

# LYNN CITY COUNCIL
## 2004-2005

| | | | |
|---|---|---|---|
| Ward One | Wayne A. Lozzi | At-Large | Loretta Cuffe-O'Donnell |
| Ward Two | William R. Trahant, Jr. | At-Large | Albert V. DiVirgilio, II |
| Ward Three | Charles T. O'Brien | At-Large | Judith Flanagan Kennedy |
| Ward Four | Richard C. Colucci | At-Large | John Timothy Phelan |
| Ward Five | James M. Cowdell | City Clerk | Mary F. Audley |
| Ward Six | David D. Ellis | | |
| Ward Seven | Richard J. Ford | | |



James M. Cowdell — President
John Timothy Phelan — Vice President

- 2 -

(b) A substantial burden will be placed upon the city for services.

© A detrimental impact on the City or the neighborhood can be envisioned.

(d) The proposed use will derogate from the intent and purpose of the Zoning Ordinance of the City of Lynn.

The City Council hereby certifies that this is a true copy of its decision and that copies of this decision have been filed with the Planning Board and City Clerk.

Be further advised that any parting in interest or other person receiving this Notice of Decision wishing to appeal this decision shall do so pursuant to the provisions of General Laws, Chapter 40A, Section 17. Any such appeal must be filed within twenty (20) days after the date of filing this Notice of Decision in the office of the City Clerk

CITY COUNCIL OF CITY OF LYNN

BY *James M. Cowdell*
JAMES M. COWDELL, PRESIDENT

ATTEST

*Mary F. Audley*
MARY F. AUDLEY, CITY CLERK

DATED: JULY 25, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Nextel Communications v. City of Lynn, Massachusetts, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05-11748 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Steven E. Grill, Esquire, Devine, Millimet & Branch, P.A.
ADDRESS   111 Amherst Street, Manchester, New Hampshire 03101
TELEPHONE NO.   (603) 669-1000

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven E. Grill, Esq., Devine, Millimet & Branch, P.A.
111 Amherst St., Manchester, NH 03101; (603) 669-1000

## DEFENDANTS
The City of Lynn, MA, the City Council of the City of Lynn, MA and Wayne A. Lozzi, Charles T. O'Brien, *(see attached)

County of Residence of First Listed Defendant: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
05 - 11748 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck / ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 704 of the Telecommunications Act of 1996, 47 U.S.C. Section 332

Brief description of cause:
appeal of denial to allow Nextel to construct wireless antenna facilities

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 8-23-05
SIGNATURE OF ATTORNEY OF RECORD: Steven E Grill

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## ATTACHMENT TO CIVIL COVER SHEET

**Additional Defendants:**

Richard C. Colucci, James M. Cowdell, David D. Ellis, Richard J. Ford, Loretta Cuffe-O'Donnell, Albert V. DiVirgilio, II, Judith Flanagan Kennedy, John Timothy Phelan and Mary F. Audley