UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS<br><br>Plaintiff<br><br>v.<br><br>THE CITY OF LYNN, MASSACHUSETTS, THE CITY COUNCIL OF THE CITY OF LYNN, MASSACHUSETTS, and WAYNE A. LOZZI, CHARLES T. O"BRIEN, RICHARD C. COLUCCI, JAMES M. COWDELL, DAVID D. ELLIS, RICHARD J. FORD, LORETTA CUFFE-O'DONNELL, ALBERT V. DIVIRGILIO, II, JUDITH FLANAGAN KENNEDY, JOHN TIMOTHY PHELAN, and MARY F. AUDLEY, in their capacities as Members of the City Council Of the City of Lynn, Massachusetts,<br><br>Defendants | Civil Action No. 05-11748-N |

### DEFENDANTS' ANSWER AND JURY DEMAND

Now comes the above-referenced Defendants and for Answers to the plaintif averments state as follows:

1.  The allegations contained in Paragraph One of the plaintiff's Complaint introductory in nature and therefore no response is required. To the extent that an Answer required, the Defendants deny the same and call upon the plaintiff to prove the same at the ti of trial.

2.  The Defendants deny the allegations contained in Paragraph Two of the plaintif Complaint and specifically call upon the plaintiff to prove the same at the time of trial.

3.  The Defendants are without sufficient information or knowledge to admit or de the allegations contained in Paragraph Three of the plaintiff's Complaint and specifically c upon the plaintiff to prove the same at time of trial.

4.  The Defendants deny that the plaintiff is aggrieved by the refusal of the City allow the proposed construction to proceed. The Defendants are without sufficient informatic

or knowledge to admit or deny the remaining allegations contained in Paragraph One of plaintiff's Complaint and specifically call upon the plaintiff to prove the same at time of trial.

5. The Defendants admit the allegations contained in Paragraph Five of plaintiff's Complaint.

6. The Defendants admit the allegations contained in Paragraph Six of the plaint[iff's] Complaint.

7. The allegations contained in Paragraph Seven of the plaintiff's Complaint con[tain] conclusions of law for which no response is required.

8. The allegations contained in Paragraph Eight of the plaintiff's Complain[t are] introductory in nature and therefore no response is required. To the extent that an Answe[r is] required, the Defendants deny the same and call upon the plaintiff to prove the same at the t[ime] of trial.

9. The allegations contained in Paragraph Nine of the plaintiff's Complain[t are] introductory in nature and therefore no response is required. To the extent that an Answe[r is] required, the Defendants deny the same and call upon the plaintiff to prove the same at the t[ime] of trial.

10. The allegations contained in Paragraph Ten of the plaintiff's Complain[t are] introductory in nature and therefore no response is required. To the extent that an Answe[r is] required, the Defendants deny the same and call upon the plaintiff to prove the same at the t[ime] of trial.

11. The allegations contained in Paragraph Eleven of the plaintiff's Complain[t are] introductory in nature and therefore no response is required. To the extent that an Answe[r is] required, the Defendants deny the same and call upon the plaintiff to prove the same at the ti[me] of trial.

12. The Defendants are without sufficient information or knowledge to admit or d[eny] the allegations contained in Paragraph Twelve of the plaintiff's Complaint and specifically [call] upon the plaintiff to prove the same at time of trial.

13. The Defendants are without sufficient information or knowledge to admit or d[eny] the allegations contained in Paragraph Thirteen of the plaintiff's Complaint and specifically [call] upon the plaintiff to prove the same at time of trial.

14. The Defendants are without sufficient information or knowledge to admit or d[eny] the allegations contained in Paragraph Fourteen of the plaintiff's Complaint and specifically [call] upon the plaintiff to prove the same at time of trial.

15. The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Fifteen of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at time of trial.

16. The allegations contained in Paragraph Sixteen of the plaintiff's Complaint contain conclusions of law for which no response is required. To the extent that an Answer is required, the Defendants deny the same and specifically call upon the plaintiff to prove the same at the time of trial.

17. The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventeen of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at time of trial.

18. The Defendants admit that the plaintiff submitted an application for a special permit, with supporting materials, to the Lynn City Council on or about May 6, 2005. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph Eighteen of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at time of trial.

19. The Defendants admit the allegations contained in Paragraph Nineteen of the plaintiff's Complaint.

20. The Defendants admit the allegations contained in Paragraph Twenty of the plaintiff's Complaint.

21. The Defendants deny the allegations contained in Paragraph Twenty-one of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of trial.

22. The Defendants admit the allegations contained in Paragraph Twenty-two of the plaintiff's Complaint.

23. The Defendants hereby repeat and reallege its answers to Paragraphs One through Twenty-two as if fully stated herein.

24. The Defendants deny the allegations contained in Paragraph Twenty-four of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of trial.

25. The Defendants deny the allegations contained in Paragraph Twenty-five of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of trial.

26. The Defendants hereby repeat and reallege its answers to Paragraphs One through Twenty-six as if fully stated herein.

27. The Defendants deny the allegations contained in Paragraph Twenty-seven of the plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of trial.

28. The Defendants deny the allegations contained in Paragraph Twenty-eight of plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of tr

29. The Defendants deny the allegations contained in Paragraph Twenty-nine of plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of tr

30. The Defendants hereby repeat and reallege its answers to Paragraphs One thro Twenty-nine as if fully stated herein.

31. The Defendants deny the allegations contained in Paragraph Thirty-one of plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of tr

32. The Defendants deny the allegations contained in Paragraph Thirty-two of plaintiff's Complaint and specifically call upon the plaintiff to prove the same at the time of tr

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that the Plain has not fulfilled and satisfied all of the conditions precedent required by Massachusetts Gene Laws, Chapters 40A and 258 before this action could be instituted against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that this action barred by the doctrine of governmental immunity.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants state that this Court lacks jurisdiction over the subject matter of tl Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants acted reasonably and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants' action were necessary or justified in the performance of its duties.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants' actions were privileged.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendants are immune from liability.

### NINTH AFFIRMATIVE DEFENSE

The Defendants' actions have a rational tendency to promote safety, health and the general welfare of the public.

### TENTH AFFIRMATIVE DEFENSE

The Defendants' actions were not unreasonable, arbitrary or capricious.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the requirements of M.G.L. Chapter 40A and City of Lynn Zone Ordinance.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendants at all times acted within their authority and duty and in a proper man consistent with the Lynn Zone Ordinance and denied the Plaintiff's application on legitin grounds and reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

The decision of the Defendants which is the subject of this Complaint, was made in o to promote the health, safety and welfare of the citizens of the City of Lynn.

### FOURTEENTH AFFIRMATIVE DEFENSE

The decision of the Defendants which is the subject of this Complaint, is supported substantial evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has not fulfilled all conditions precedent under the M.G.L. c. 40A and City of Lynn Zone Ordinance prior to instituting this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

The decision of the Defendant, which is the subject of this Complaint, is in harmony with the general purpose and intent of the City of Lynn Zone Ordinance and does not rest on a legally untenable ground, and is not unreasonable, whimsical or arbitrary.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The decision of the Defendants which is the subject of this Complaint, is in harmony with Section One of the City of Lynn Zone Ordinance.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to commence this action within the appropriate limitation period prescribed by statute.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to satisfy all conditions precedent required before initiating a Complaint against the Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendants state that this Court lacks jurisdiction over the subject matter of this Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff is collaterally estopped from recovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Defendants acted in good faith reliance on legislative and statutory authority.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendants have qualified immunity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Service of process against the Defendants was improper and/or insufficient.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Defendants are immune from suit.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Defendants are entitled to absolute immunity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to initiate this civil action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have not sustained a deprivation of rights, privileges or immunities secu[red] by the Constitution or laws of the United States.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendants hereby reserve their right at any time to supplement its list of affirma[tive] Defenses as it conducts discovery and such Affirmative Defenses became discoverable. [The] absence of any Affirmative Defenses at this time is not intended to be a waiver of the same [and] can and will be asserted at a later time with proper notice to all parties.

### JURY DEMAND

The Defendants claim trial by jury on all triable issues contained in the plainti[ff's] Complaint.

WHEREFORE, the Defendants demand judgment together with costs and attorney's fe[es].

FOR THE DEFENDANTS
By his attorney

_____
Richard L. Vitali
Assistant City Solicitor
BBO#: 510375
Lynn City Hall - Room 406
Lynn, MA 01901
(781) 598-4000, Ext. 6840

Dated: September 23, 2005

## CERTIFICATE OF SERVICE

I, Richard L. Vitali, hereby certify that a copy of the within documents has this day been mailed postage pre-paid to:

Steven E. Grill, Esquire
Devine, Millimet & Branch, P.C.
111 Amherst Street
Manchester, NH 03101

_____
Richard L. Vitali
Assistant City Solicitor
**BBO# 510375**
Lynn City Hall - Room 406
Lynn, MA  01901
(617) 598-4000, Ext. 6840

Dated:  September 23, 2005